IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **RICHARD BERBAUM,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:21-cv-01004-STA-jay |
| | ) |
| **AMCO INSURANC COMPANY,** | ) |
| | ) |
| Defendant. | ) |

ORDER DENYING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
WITHOUT PREJUDICE

Plaintiff Richard Berbaum filed this action in the Circuit Court of McNairy County, Tennessee, alleging breach of contract and violation of the bad faith statute, Tenn. Code Ann. § 56-7-105. Defendant Amco Insurance Company removed the case to this Court with jurisdiction predicated 28 U.S.C. §1332. Defendant has filed a motion for partial summary judgment on Plaintiff's bad faith claim (ECF No. 15.) Plaintiff has filed a response to the motion (ECF No. 17), and Defendant has filed a reply to the response. (ECF No. 18.) For the reasons set forth below, Defendant's motion is **DENIED** without prejudice.

Defendant contends that Plaintiff is not entitled to damages under Tennessee's bad faith statute because Plaintiff cannot show that the refusal to pay was made in bad faith. *See Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 270 (Tenn. Ct. App. 2013) (detailing the three elements of a bad faith claim). Defendant asserts that it relied in good faith on the opinion of its expert, Martin Ellison of Donan Engineering, to partially deny Plaintiff's claim. Defendant argues that,

even if its decision to deny the claim is deemed to have been incorrect, this does not constitute bad faith because it reasonably relied on the findings of a third-party expert in making its decision.

In his response, Plaintiff counters that discovery is needed "to assess whether or not Defendant's reliance on Donan Engineering's reports was in good faith." (Resp. pp. 1-2, ECF No. 17-1.) Plaintiff states that the following information could be revealed during Ellison's deposition:

- The education and expertise of [Ellison] the Donan engineer hired for this project;
- Bias, including the number of projects Donan Engineering and this particular engineer has completed for Amco vs. other parties;
- Bias, including the number of projects Donan Engineering and this particular engineer perform for insurance companies vs. anyone other than insurance companies;
- Bias, including the number of reports Donan Engineering and this particular engineer have generated that yield a conclusion that supports the provision of coverage as opposed to the denial of coverage;
- Bias, including how much Amco pays Donan Engineering annually; and
- Bias, including what percentage of work this particular Donan engineer does for Amco as opposed to any other parties.

(*Id.* at p. 6.)

Rule 56(d) of the Federal Rules of Civil Procedure allows a party to oppose a motion for summary judgment by filing an affidavit demonstrating that he needs more time to conduct

2

discovery to present facts justifying his position "when facts are unavailable to the nonmovant." *See* Fed. R. Civ. P. 56(d). Although Plaintiff's counsel has filed an affidavit stating that Defendant's expert had not been deposed at the time of the filing of Defendant's motion (ECF No. 17-4), that affidavit does not conform to the requirements of Fed. R. Civ. P. 56(d). However, "a formal affidavit may not be required 'when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment.'" *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017) (quoting *United States v. Rohner*, 634 F. App'x 495, 504 (6th Cir. 2015)). "Requiring a redundant 56(d) affidavit … [when] Plaintiff has already made the argument in her opposition brief, would unduly exalt form over substance." *Moore v. Shelby Cty., Kentucky*, 718 F. App'x 315, 319 (6th Cir. 2017).

In the present case, even though Plaintiff has not filed a Rule 56(d) affidavit or declaration, he has specifically described material facts that he hopes to obtain during discovery. Therefore, the Court will **DENY** Defendant's motion for partial summary judgment without prejudice to allow Plaintiff time to conduct discovery. Defendant may renew its motion, if warranted, after discovery is completed.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  August 16, 2021