IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **RICHARD BERBAUM,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:21-cv-01004-STA-jay |
| | ) |
| **AMCO INSURANCE COMPANY,** | ) |
| | ) |
| Defendant. | ) |

**ORDER PARTIALLY GRANTING AND PARTIALLY DENYING
DEFENDANT'S MOTION IN LIMINE**

Plaintiff Richard Berbaum filed this action against Amco Insurance Company alleging breach of an insurance contract. Defendant has filed a motion in limine seeking to prohibit Plaintiff or witnesses on his behalf from referring to him as an engineer or referring to his training as an engineer at trial. (ECF No. 37.) Plaintiff has filed a response to the motion. (ECF No. 39.) For the reasons set forth below, Defendant's motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

"In a diversity case, the admissibility of evidence is a procedural matter governed by federal law." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000). A motion in limine is a motion "'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 581 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The goal of a motion in limine is "'to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Id.* (quoting *Bradley*

*v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)).

In the present case, the parties dispute the extent of the damage to Plaintiff's house that was caused by a tree strike. At issue is whether the house shifted on its foundation as a result of the impact of the tree or because of other reasons. Each party has indicated that it will present expert testimony from structural engineers as to the cause of the damage.

Defendant states that Plaintiff testified in his deposition that he was an engineer at Lockheed Martin with a background in electrical engineering, but he is not a structural engineer and has done no engineering assessment of the property. Plaintiff has not been disclosed as an expert in this matter. Defendant contends that allowing Plaintiff to be identified as an engineer or to testify as to his training and background in that field poses the risk of confusion for the jury as well as the potential of the jury's placing inappropriate weight on Plaintiff's testimony regarding his theories as to what damage resulted from the impact of the tree.

Plaintiff has responded that his educational background and work history will allow the jury to assess his credibility and that cross-examination will minimize any risk of jury confusion. He also contends that his opinions as to the condition of the property before and after the loss are not based on special knowledge, but rather, his perceptions as the owner of the property.[1] In support of his response, Plaintiff points to the Advisory Committee Notes to Federal Rule of Evidence 701 which explain:

> The amendment incorporates the distinctions set forth in *State v. Brown*, 836 S.W.2d 530, 549 (1992), a case involving former Tennessee Rule of Evidence 701, a rule that precluded lay witness testimony based on "special knowledge." In *Brown*, the court declared that the distinction between lay and expert witness testimony is that lay testimony "results from a process of reasoning familiar in

---

[1] In an excerpt from Plaintiff's deposition, he specifically testified that he did not consider himself to be an expert in structural engineering. (Pl's Dep. PageID 496, ECF No. 39-1.)

2

> everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field." The court in *Brown* noted that a lay witness with experience could testify that a substance appeared to be blood, but that a witness would have to qualify as an expert before he could testify that bruising around the eyes is indicative of skull trauma. That is the kind of distinction made by the amendment to this Rule.

Fed. R. Evid. 701, Advisory Committee Notes, 2000 Amendments.

"[A] witness [who] is not testifying as an expert," or a lay witness, may offer testimony in the form of an opinion if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[2] Fed. R. Evid. 701. "'Such lay opinion testimony is permitted under Rule 701 because it has the effect of describing something that the jurors could not otherwise experience for themselves by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event.'" *United States v. Freeman*, 730 F.3d 590, 595 (6th Cir. 2013) (quoting *United States v. Jayyousi*, 657 F.3d 1085, 1120 (11th Cir. 2011)). The purpose of permitting lay witnesses to offer opinion testimony, rather than only fact testimony, is to put "'the trier of fact in possession of an accurate reproduction of the event.'" *Id.* (quoting Fed. R. Civ. P. 701 advisory committee's note).

The Court will allow Plaintiff to testify as to his education and work history to introduce

---

[2] Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles

3

himself to the jury and to help establish his credibility. The Court will also allow Plaintiff's testimony as to his observations, as well as any testimony on causation, that is within the realm of a lay person's knowledge. However, Plaintiff will not be allowed to testify or to imply that his observations or opinions are based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." If necessary, defense counsel can clarify on cross-examination that Plaintiff is not a structural engineer and is not qualified to testify in this case as an expert.

Accordingly, Defendant's motion in limine is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 17, 2022.

---

and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.