IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RICHARD BERBAUM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   No.  1:21-cv-01004-STA-jay |
| | ) |
| AMCO INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**
_____

Plaintiff Richard Berbaum filed this action against Amco Insurance Company in the Circuit Court of McNairy County, Tennessee, alleging breach of contract and violation of the bad faith statute, Tenn. Code Ann. § 56-7-105.  Defendant removed the case to this Court with jurisdiction predicated on 28 U.S.C. §1332, diversity of citizenship. Plaintiff's bad faith claim was dismissed prior to trial.  Plaintiff's breach of contract claim was tried by a jury on March 22 – 23, 2022.  The jury found in favor of Defendant, and judgment was entered on the jury verdict on March 23, 2022.  Plaintiff has filed a motion for new trial on the ground that the verdict was against the weight of the evidence.  (ECF No. 57.)  Defendant has filed a response to the motion. (ECF No. 58.)  For the reasons set forth below, Plaintiff's motion is **DENIED**.

After a jury trial, district courts may grant a new trial on all or some of the claims pursuant to Rule 59(a) "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Sixth Circuit has interpreted this language to mean that a new trial is warranted under Rule 59(a) "when a jury has reached a

'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996).  Additionally, a party may move for a new trial based on a trial court's erroneous admission of evidence or improper jury instructions amounting to "more than harmless error." *Kendel v. Local 17–A UFCW*, 512 F. App'x 472, 479 (6th Cir. 2013).

In deciding a Rule 59 motion based on the weight of the evidence, the Court "must compare the opposing proofs, weigh the evidence, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence." *Strickland v. Owens Corning*, 142 F.3d 353, 357 (6th Cir. 1998). The Court "should deny the motion if the verdict is one which could reasonably have been reached, and the verdict should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable." *Id.* That is, the "court is not to set aside the verdict simply because it believes that another outcome is more justified." *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007).

The evidence at trial showed that Plaintiff owns a residence located at 1653 Hurley Kirby Road, Bethel Springs, Tennessee.  The residence was insured under a policy of insurance issued by Defendant. On or about May 18, 2020, a tree fell at the insured premises and damaged the home.  An initial inspection was performed by Phillip Allen of John Allen Construction Company at the request of Defendant. Allen recommended that an engineer be retained to determine the extent of damage attributable to the impact of the tree. Concern existed as to

whether the house had shifted on its foundation as a result of the impact. In the meantime, an estimate was created as to the known covered damage, and payment was issued in the amount of $3,241.07.  Martin Ellison inspected the premises on behalf of Defendant and determined that only a portion of the claim was covered by the policy because the impact of the tree did not cause the house to shift on its foundation.

Jeremy Scallion performed a structural evaluation of the residence at the behest of Plaintiff and opined that the roof and walls above the second floor had shifted from the impact of the tree. After receiving Scallion's report, Ellison confirmed that his professional opinion was not changed by the findings of Scallion. [1] Plaintiff then filed this lawsuit, contending that he was entitled to recover for the entire damage to the house, above and beyond the $3,241.07 paid by Defendant for the portion of the damage it attributed to the tree strike.

In his motion, Plaintiff argues that "since the weather event and tree caused or contributed to some of Plaintiff's losses, it was error for the jury to determine all of Plaintiff's losses were caused by conditions excluded from coverage." (Mot. p. 2, ECF No. 57.) Plaintiff reasons that, if the tree strike caused any damage to the house, then Defendant is liable for all the damage.  In support of his position, Plaintiff relies on the jury instruction that "Defendant has the burden of proof to prove by a preponderance of the evidence that the loss to Plaintiff's property was caused solely by conditions which are excluded from coverage under the terms of the insurance policy." (J. Inst. No. 19, ECF No. 54.)

Defendant has responded that there was no dispute as to coverage for the tree strike on one end of the house and for which the insurance claim was paid.  Instead, the dispute concerned

---

[1] Allen, Ellison, and Scallion all testified at trial.

3

coverage for the damage at the other end of the house. ("What Plaintiff actually sought to recover at trial was additional damages throughout the structure, including damage to the side of the house opposite from the end where the tree fell. That was what this entire case was about—not the damages that Defendant recognized occurred and actually paid for—but for the additional damages sought by Plaintiff." (Resp. p. 2, ECF No. 58.)  In addition to the jury instruction referenced by Plaintiff, Defendant points out the following instruction:

<u>Jury Instruction No. 17</u>: Policy Exclusion

Damage that results from settling, wear and tear, and general deterioration or defect is specifically excluded by the policy.

The policy provides in part:

A. Coverage A Dwelling And Coverage B Other Structures

1. We insure for risk of physical loss to the property described in Coverages A and B except:

9. wear and tear; marring; deterioration; inherent vice; latent defect; mechanical breakdown; rust; mold; wet or dry rot; contamination; smog; smoke from agricultural smudging or industrial operations; settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings; birds, vermin, rodents, insects or domestic animals. If any of these cause water to escape from a plumbing, heating or air conditioning system or household appliance, we cover loss caused by the water. We also cover the cost of tearing out and replacing any part of a building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which this water escaped.

Defendant has the burden of proof to prove by a preponderance of the evidence that the loss to Plaintiff's property was caused solely by conditions which are excluded from coverage under the terms of the insurance policy.

(J. Inst. No. 17, ECF No. 54.)

Defendant contends, and the Court agrees, that there was evidence at trial from which the jury could find that the contested damage was caused by settling, which was specifically

excluded from coverage by the policy. Plaintiff's expert, Jeremy Scallion, agreed that everything pointed out in his report could just have easily been caused by settling as opposed to the tree strike.  Additionally, Scallion testified that, when he made his report, he had not been aware of structural work that had been done on the house during the time that Plaintiff owned it, which could have resulted in the damage to the other end of the house.  He further testified that he had limited information as where the tree was actually located after it fell since it had been removed before he got there.  Also, when forming his opinion, Scallion had not seen photographs which showed that the tree fell away from the house and only peripheral branches stuck the house, whereas the jury did have access to the photographs.  The jury also heard the testimony of Defendant's expert who explained why the additional damage could not be a result of this tree strike.  Because there was sufficient evidence presented at trial from which the jury could reasonably find in favor of Defendant, Plaintiff's motion for new trial is **DENIED**.

    IT IS SO ORDERED.

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

DATE: May 27, 2022.

5